IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JOSHUA DUANE BUTLER,

        Plaintiff,

v.                                                          Case No. 23-CV-369-JFH-DES

DAVID BRYNING, Jr., et al.,

        Defendants.

<u>OPINION AND ORDER</u>

This civil rights action, brought pursuant to 42 U.S.C. § 1983, is before the Court on Defendants David Bryning Jr., Karen Hughes, Mary Martin, Lisa Rodebush and Monica Smith's ("Defendants") Motion to Dismiss ("Motion"). Dkt. No. 33. The Court has before it for consideration Plaintiff's Complaint [Dkt. No. 1], Defendants' Motion [Dkt. No. 23], Plaintiff's Response [Dkt. No. 34] and Defendants' Reply [Dkt. No. 35]. After careful review, the Court finds the Motion should be granted.

BACKGROUND

At the time Plaintiff filed the Complaint, he was a pro se pretrial detainee being held at McIntosh County Jail ("MCJ"). Dkt. No. 1 at 2.[1] Plaintiff filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations he endured at MCJ. Plaintiff names five Defendants in both their individual and official capacities. *See id.* at 1. Plaintiff contends Defendants tampered with his legal mail and impeded his efforts to file certain documents with this Court. *Id.* at 5-8. He also alleges, in retaliation for commencing civil litigation, he was subjected to cruel and unusual punishment by being placed in segregation for

---

[1] The Court's citations refer to the CM/ECF header pagination.

eighteen (18) days and was not allowed to access the courts. *Id.* Defendants responded to the Complaint by way of their Motion which is analyzed below. *See* Dkt. No. 33.

## I.    Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim upon which relief can be granted "only when it appears that the plaintiff can prove no set of facts in support that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc*., 104 F.3d 1215, 1224 (10th Cir. 1997)). When determining whether to grant a motion to dismiss, the district court is limited to assessing the legal sufficiency of the allegations contained within the four (4) corners of the complaint. *Jojola v. Chaves*, 55 F.3d 488, 494 (10th Cir. 1995). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs*, 336 F.3d at 1201 (internal quotations and citations omitted).

A request for dismissal pursuant to Rule 12(b)(6) requires the Court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for

failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

## II.    Claim I:  Mail Tampering

For his first claim, Plaintiff alleges Karen Hughes, Mary Martin, Monica Smith and Lisa Rodebush tampered with his legal mail that was addressed to this Court by opening it and then mailing it to McIntosh County District Court instead. Dkt. No. 1 at 6. The Court construes this as an access to the court claim and a First Amendment claim for a violation of his freedom of speech. *See Brown v. Saline Cnty. Jail*, 303 F. App'x 678, 682 (10th Cir. 2008)[2] (Tenth Circuit held an interference with outgoing mail claim was to be considered as both an access to the court claim and First Amendment claim).

### A.  Individual Capacity

Both aspects of this claim against Defendants Hughes, Martin, Smith and Rodebush in their individual capacities fail. Considering first the access to the court aspect of this claim, Plaintiff must demonstrate an actual injury. *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010). Plaintiff cannot make this showing. Plaintiff alleges the prosecution of his case *Butler v. Branscum*, Case No. 23-cv-344-RAW (E.D. Okla.) was obstructed by the alleged opening and misdirection of his mail. *See* Dkt. 1 at 6.[3] He alleges the misdirected mail contained a "brief

---

[2]  The Court cites all unpublished decisions herein for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.
[3]  This allegation is contradicted by Plaintiff's own filing in the District Court of McIntosh County which states, "I've already sent a similar claim like this to United States Eastern District[.]"  Dkt.

summary of why I was asking for *in forma pauperis* form and 2 civil complaint forms." *Id.* He further alleges he was reprimanded by the Court. *Id.* at 7. However, a review of the docket of *Butler v. Branscum*, reveals he was indeed able to proceed *in forma pauperis*, was able to file an amended complaint and this matter is currently proceeding. Docket, *Butler v. Branscum*, Case No. 23-cv-344-RAW (E.D. Okla).[4] The Court can ascertain no injury to Plaintiff because of any alleged tampering with his mail. Therefore, Plaintiff's access to the court portion of Claim I against Defendants Hughes, Martin, Smith and Rodebush, individually, is dismissed.

Regarding the First Amendment aspect of Claim I, the Tenth Circuit has held that "a refusal to process any mail from a prisoner impermissibly interferes with the [sender's] First Amendment and Fourteenth Amendment rights." *Brown*, 303 F. App'x at 682. To state a viable § 1983 claim, Plaintiff must "identify *specific* actions taken by *particular* defendants[.]" *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (emphasis in original) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 2011)). This claim fails because Plaintiff has failed to allege any specific actions taken by Defendants Hughes, Martin, Smith and Rodebush, individually, in support of this claim. *See* Dkt. No. 1 at 6-7. Therefore, Plaintiff's First Amendment aspect of Claim I against Defendants Hughes, Martin, Smith and Rodebush, individually, is dismissed.

### B. Official Capacity

Defendants Hughes, Martin and Smith contend they do not have an "official capacity" under Oklahoma law. Dkt. No. 33 at 13-14. Defendant Rodebush argues Plaintiff failed to state

---

No. 33-6 at 1. This statement indicates Plaintiff in fact directed his mail to the McIntosh County District Court.

[4] This Court may take judicial notice of Plaintiff's court records. *See Gee*, 627 F.3d at 1191 (While analyzing whether plaintiff stated a claim of violations of his constitutional right to access the courts, the Tenth Circuit considering the underlying court records and concluded plaintiff's claim was "implausible.").

a plausible official capacity claim against her. *Id.* at 22-24. Since Plaintiff failed to allege a constitutional violation as it relates to Claim I, Plaintiff cannot demonstrate an essential element of an official capacity claim – that a municipal employee committed an underlying constitutional violation.[5] *See Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *see also Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993). Therefore, Plaintiff's Claim I against Defendants Hughes, Martin, Smith and Rodebush, in their official capacities, is likewise dismissed.

### III.     Claim II:  Lockdown

Concerning Claim II, Plaintiff alleges he was subjected to cruel and unusual punishment by being placed in "seg/DU/lockdown" by Defendants Bryning and Smith on September 26, 2023. Dkt. No. 1 at 7. He alleges he was in lockdown for eighteen (18) days and during that time was denied access to paper, envelopes, stamps, contact with his criminal defense attorney and unable to work on his civil claim in *Butler v. Branscum*. *Id.* at 7-8. Plaintiff alleges he was placed in lockdown because he asked for copies of his legal work. *Id.* at 7. He also alleges, "everyone was well aware I was pursing civil litigation against their friends[.]" *Id.* at 8. The Court construes Plaintiff's allegations as asserting a cruel and unusual punishment claim, an access to the Court claim and a retaliation claim.

---

[5] To hold a county / municipality liable under § 1983, a plaintiff must demonstrate (1) the existence of a municipal policy or custom by which the plaintiff was denied a constitutional right and (2) that the policy or custom was the moving force behind the constitutional deprivation (i.e. "that there is a direct causal link between" the policy or custom and the injury alleged). *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (citations omitted).

### A.  Cruel and Unusual Punishment

Concerning Plaintiff's cruel and unusual punishment claim, to the extent Plaintiff invokes the Eighth Amendment to claim being placed in lockdown amounted to cruel and unusual punishment, his claim fails.  Plaintiff was a pretrial detainee at the time of the incident giving rise to his claim.  Dkt. No. 1 at 2.  The Eighth Amendment's protections are not applicable to pretrial detainees.  *See Colbruno v. Kessler,* 928 F.3d 1155, 1162 (10th Cir. 2019).

Nonetheless, pretrial detainees "cannot be punished at all," let alone in a cruel and unusual manner.  *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015).  The government "may subject [a pretrial detainee] to the restrictions and conditions of the detention facility [only] so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536–37 (1979).  However, like Claim I, Plaintiff fails to allege specific actions taken by Defendants Bryning and Smith.  *Pahls*, 718 F.3d at 1226.  Plaintiff simply alleges "Plaintiff was sent to seg/DU/lockdown for asking to have copies made of legal work by detention officer David Bryning Jr. and Jail Administrator Monica Smith."  Dkt. No. 1 at 7.  This allegation in factually insufficient.  Therefore, Plaintiff's "cruel and unusual punishment" claim against Defendants Bryning and Smith, individually, is dismissed.

### B.  Access to Court

Like Plaintiff's first access to the court claim, this claim against Defendants Bryning and Smith also fails because Plaintiff has not demonstrated an actual injury.  Plaintiff alleges he was on lockdown from September 26, 2023, until October 14, 2023.  Dkt. No. 1 at 7.  However, a review of both his McIntosh County criminal proceeding and *Butler v. Branscum* reveals he accessed both courts on multiple occasions during this time.  Looking first to his McIntosh County criminal proceeding, between September 26, 2023, and October 14, 2023, the state district court

received a letter from Plaintiff, subpoenas were issued and a motion for change of venue and a "Motion to McGirt" were filed either by Plaintiff or on his behalf. *See* Docket, *Oklahoma v. Butler*, Case No. CF-2023-125 (McIntosh County). Plaintiff's trial was not held until February of 2024. *See id.*

Turning next to Plaintiff's civil litigation against Kevin Branscum and Matthew Youngblood, Plaintiff filed his initial civil complaint on October 12, 2023. Complaint, *Butler v. Branscum*, Case No. 23-cv-344-RAW (E.D. Okla. Oct. 12, 2023), Dkt. 1. Butler signed the Complaint on October 2, 2023, and it was stamped by the United States Postal Service on October 10, 2023. *Id.*

Therefore, the underlying dockets directly undermine Plaintiff's claim that his access to the courts was obstructed by Defendants Bryning and Smith. *See Gee*, 627 F.3d at 1191. Concerning his criminal proceedings, his jury trial was still months away at the time of the alleged lockdown, and he had ample time after the lockdown to consult with this defense attorney. *See* Docket, *Oklahoma v. Butler*, Case No. CF-2023-125 (McIntosh County). It further appears he did in fact consult with his defense attorney as matters were filed either by him or on his behalf during the relevant time frame. *See id.* And, as noted above, Plaintiff did not suffer any prejudice in prosecuting his civil litigation against Kevin Branscum and Matthew Youngblood from September 26, 2023, until October 15, 2023. *See* Docket *Butler v. Branscum*, Case No. 23-cv-344-RAW (E.D. Okla.). Therefore, Plaintiff's access to the courts claim against Defendants Bryning and Smith, individually, is dismissed.

### C. Retaliation

Lastly, the Court understands Plaintiff's Claim II to allege he was placed in "seg/DU/lockdown" in retaliation for prosecuting claims against Kevin Branscum and Matthew

Youngblood.  Dkt. No. 1 at 7-8.  Defendants Bryning and Smith did not address this allegation in their Motion.  *See* Dkt. No. 33 at 18-22.  It is true "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights....  [A]n inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights."  *Fogle v. Pierson*, 435 F.3d 1252, 1263–64 (10th Cir. 2006) (emphasis in original) (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998)); *see also Allen v. Avance,* 491 F. App'x 1, *5 (10th Cir. 2012) (applying *Peterson* rule to pretrial detainee's retaliation claim).  To prove Defendants Bryning and Smith's liability for retaliation, Plaintiff is required to show:  (1) he was engaged in a constitutionally protected activity; (2) Defendants Bryning and Smith caused him "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendants Bryning and Smith action "was substantially motivated as a response to [Plaintiff's] exercise of constitutionally protected conduct."  *Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir. 2007).  Furthermore, "it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison, and our retaliation jurisprudence does not change this role."  *Peterson,* 149 F.3d at 1144.

Plaintiff engaged in constitutionally protected activity by filing of a civil complaint in *Butler v. Branscum* thereby satisfying the first *Shero* element.  Regarding the second element, Plaintiff does not allege sufficient facts to plausibly show Defendants Bryning and Smith's actions caused him an injury that would chill a person of ordinary firmness from continuing to initiate litigation.  Here, all Plaintiff has alleged is that he was placed on "lockdown" for eighteen (18) days and denied access to paper, envelopes and stamps.  Dkt. No. 1 at 7-8.[6]

In *Rochas v. Zavaras,* the plaintiff alleged in retaliation for informal complaints he made

---

[6]  As noted above, Plaintiff's own filings in other proceedings directly contradict this assertion.

he was placed on "Restricted Privilege" status which entailed being "restricted to standard recreation activities, maintained in segregated housing, called last to eat, restricted from certain purchases from the canteen, prohibited from communicating with other inmates and required to wear distinct identifying clothing." 443 F. App'x 316, 317 (10th Cir. 2011). The Tenth Circuit held the plaintiff "failed to allege facts necessary to support the element that any defendant's actions 'would chill a person of ordinary firmness from continuing to' file grievances or exercise a constitutional right." *Id.* at 319.

Relying on *Rochas*, one district court held that plaintiff's allegation that his cell was searched, his papers were confiscated, and he was repeatedly placed on lockdown was insufficient to state a plausible retaliation claim. *Fleming v. Clark,* No. 09-CV-1038-DAK, 2012 WL 4343836, at \*6 (D. Utah Sep. 21, 2012) (unpublished). The *Fleming* Court found, "Plaintiff [sic.] allegations do not show that Defendants did anything that would chill an inmate of ordinary firmness from continuing to file grievances or lawsuits." *Id.* Another district court, relying on *Rochas,* concluded that being issued an "immediate disciplinary detention" which "restricted [plaintiff] to his bunk and prevented him from using the recreation room and day room for three days" failed to "allege sufficient facts to plausibly show that [defendant's] actions caused [plaintiff] injury that would chill a person of ordinary firmness from continuing to file prisoner grievances." *Ferguson v. Clifton*, No. 18-CV-931-CMA, 2019 WL 983491, at \*4 (D. Colo. Feb. 7, 2019) (unpublished) *report and recommendation adopted*, 2019 WL 979014, at \*1 (D. Colo. Feb. 28, 2019) (unpublished). The *Ferguson* Court noted, "limiting an inmate's privileges is not a sufficiently serious consequence to have the requisite chilling effect." *Id.* "These are the precise type of restricted privileges that the Tenth Circuit has held do not create the required chilling effect to support a First Amendment retaliation claim." *Id.*

Based on the allegations before the Court, the most the Court can infer is that Plaintiff's writing and mailing privileges were restricted for a minimal amount of time. And, as previously noted, Plaintiff's allegations are contradicted by the court records themselves. As alleged, the Court cannot conclude Plaintiff has sufficiently alleged he suffered an injury that would chill a person of ordinary firmness from continuing to file lawsuits.

Furthermore, as noted earlier, Plaintiff fails to allege any specific actions taken by either Defendant Bryning or Defendant Smith. For this additional reason, Plaintiff's retaliation claim fails. *Pahls*, 718 F.3d at 1226. Plaintiff failed to allege sufficient facts to support his retaliation claim against Defendants Bryning and Smith, individually, and this claim is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.  Official Capacity

Since Plaintiff failed to allege a constitutional violation as it relates to Claim II, Plaintiff's Claim II against Defendants Bryning and Smith in their official capacity likewise fails. *See Myers*, at 1316 (10th Cir. 1998); *see also Hinton*, 997 F.2d at 782. Therefore, Plaintiff's Claim II against Defendants Bryning and Smith, in their official capacities, is dismissed.

### IV.  Qualified Immunity

Defendants also contend they are entitled to qualified immunity. Dkt. No. 33 at 25-27. However, "[i]f a plaintiff fails to state a valid claim, [the Court] need not even reach the issue of the qualified immunity defense." *Moore v. City of Wynnewood*, 57 F.3d 924, 931 (10th Cir. 1995). Because Plaintiff fails to state a valid claim against any of the Defendants in their individual capacities the Court will not address the issue of qualified immunity.

## V.      Insufficient Service

Defendants also argue they have not been properly served necessitating dismissal. *See* Dkt. No. 33 at 10-13. Because the Court has found dismissal appropriate under Rule 12(b)(6), the Court does not analyze the service issue.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Dkt. No. 33] is GRANTED.

IT IS HEREBY ORDERED that:

1.  Plaintiff's retaliation claim is DISMISSED without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)92)(B)(ii);

2.  Plaintiff's remaining § 1983 claims against Defendants David Bryning Jr., Karen Hughes, Mary Martin, Lisa Rodebush and Monica Smith, in their individual and official capacities, are DISMISSED without prejudice for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6); and

3.  A separate judgment of dismissal shall be entered in favor of Defendants and against Plaintiff.

Dated this 19th day of November, 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE